**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KARL KEVIN HILL,**

        Petitioner,

v.                                                              Civil Action No. 2:10cv75
                                                                          (Judge Maxwell)

**JOEL ZIEGLER, WARDEN,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

On June 11, 2010, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same day, the Clerk filed a Notice of Deficient Pleading, indicating that the petitioner had not paid the required filing fee, or filed a prisoner trust account report with ledger sheets. On June 16, 2010, the petitioner filed a motion to proceed *in forma pauperis*. On June 17, 2010, the undersigned granted the petitioner's motion, and directed him to pay the required five-dollar fee within twenty-one days of the order. After the Court issued an Order to Show Cause, the petitioner paid the five-dollar fee on July 23, 2010. Accordingly, this case is before the undersigned for an initial review pursuant to LR PL P 2.

### I. The Petition

In the petition, the petitioner asserts that he was denied requested medical treatment. See dckt. 1 at 6.[1] Specifically, the petitioner seeks treatment of:

1.      a back condition "between L5 and S1 level of spine,"

---

[1] The Court notes that pages three and four of the petitioner's petition appear to be in reverse order.

2. a severe injury to "kidney MCL and PCL," and

3. hematomas over his abdomen.

*Id*. at 7.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973)(overruled on other grounds).

Here, the petitioner does not attack the execution of his sentence. Instead, he asserts that the medical care at F.C.I. Morgantown is "not within the community standard." The petitioner's claims are not in any way related to the execution of his sentence. Thus, it is clear that the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life). Because a petition for writ of habeas corpus under § 2241 is not the proper avenue in which to seek the requested relief, the petition should be denied and dismissed from the Court's active docket.

## III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Dckt. 1) be **DENIED** and **DISMISSED without prejudice** to the petitioner's right to re-file his claims as a civil rights action.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also

be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from **a** judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: August 5, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE